IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CR-00019-FL-2
NO. 7:13-CV-00027-FL

| | |
|---|---|
| TONY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon petitioner Tony Johnson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"), which the Government seeks to dismiss. (DES 86, 96). Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, the undersigned RECOMMENDS that Johnson's motion to vacate (DE 86) be DENIED and that the Government's motion to dismiss (DE 96) be GRANTED.

I.  BACKGROUND

On May 16, 2012, Johnson pled guilty to two counts of an indictment, *to wit.*, distribution of a quantity of cocaine base (crack) (Count III) and aiding and abetting another to do so (Count VII), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (DE 44). In the plea agreement, Johnson agreed, *inter alia*, to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255,

excepting an appeal or motion based upon grounds of ineffective assistance of
counsel or prosecutorial misconduct not known to the Defendant at the time of the
Defendant's guilty plea.

(DE 44, Plea Agreement 1–2). He was sentenced on October 25, 2012 to 105 months on both Counts, to be served concurrently, three years supervised release, and given a fine of $1,000.00 and special assessment of $200.00. (DE 61). His conviction and sentence were affirmed on direct appeal on July 24, 2013. (DE 103). On February 4, 2013, Hill filed the present § 2255 motion. (DE 86). The Government asserts that the motion to vacate should be dismissed. (DE 96).

## II.     LEGAL STANDARDS

*A. Motion to Dismiss*

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385–86 (quotation marks and

alteration marks omitted).

*B. 28 U.S.C. § 2255*

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

*C. Effect of Petitioner's Guilty Plea*

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on

3

non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266–67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id*.

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . "Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings." Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated—"permitting quick disposition of baseless collateral attacks."

*United States v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

### D. Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a

4

two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id*. at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id*. at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

### III. ANALYSIS

Johnson contends that counsel provided him ineffective assistance. Specifically, he states that counsel did not understand the *Booker*[1] decision and that his guideline range was 37–47 months, but that his actual sentence, 105 months, was significantly higher than the plea agreement provided. Johnson raises *Booker* but makes no argument as to how its holding was not followed in his case. Indeed, he had several prior convictions, including many for drug crimes, which factored into his criminal history category and resulted in an upward departure. The Court of Appeals found the District Court properly explained it reasoning for the departure in imposing his present sentence. Clearly, the *Booker* decision does not apply to these prior convictions.

---

[1] *U.S. v. Booker*, 543 U.S. 220 (2005), requires that, other than a prior conviction, only facts admitted by a defendant or proved beyond a reasonable doubt to a jury may be used to calculate a sentence.

5

Moreover, the Government contends that Johnson was properly informed of the potential sentence he faced. Not only does the Plea Agreement specifically state that the maximum penalty for the crimes was 20 years but also, at his arraignment, Magistrate Judge Daniel conducted a colloquy wherein he specifically laid out the minimum and maximum penalties for the crimes to which Johnson was entering a guilty plea. Thus, any misrepresentation as to the potential sentence he faced was remedied through the Plea Agreement and arraignment proceedings. (See DEs 44, 84).

The Plea Agreement, which Johnson signed, unequivocally sets forth the maximum terms of imprisonment, 20 years on both Counts III and VII. (DE 44 at 4–5). Further, at his arraignment, where Johnson made statements under oath, the following exchange occurred:

> The Court: Now, the maximum punishment that you might receive for those charges, whether you plead guilty or be found guilty of those charges at trial, are as follows: for each of Counts 3 and 7, the maximum punishment you might receive would be up to 20 years' imprisonment, up to a $1 million fine, or both such fine and imprisonment; at least three years of supervised release following imprisonment, the possibility of up to lifetime of supervised release; the possibility of up to two additional years' imprisonment if supervised release were to be revoked; the required $100 special assessment and restitution. . . .
>
> I ask you, Mr. Johnson, do you understand those two charges against you and the maximum punishment you might receive?
>
> Johnson: Yes, sir.

(DE 84 at 14:5–15:3). Judge Daniel further inquired into Johnson's knowledge and understanding of the Plea Agreement:

> The Court: Now, in that plea agreement, among other things, you've agreed to plead guilty to Counts 3 and 7, again, both charging you with distribution of a quantity of crack cocaine and aiding and abetting. I ask you, Mr. Johnson, did you have the opportunity to thoroughly read and review this plea agreement with Ms. Allen before you signed it?

| | |
|---|---|
| Johnson: | Yes, sir. |
| The Court: | And after you read and reviewed this plea agreement with Ms. Allen, did you, and do you now, understand the terms, language, words and meaning of everything in this plea agreement? |
| Johnson: | Yes, sir. |
| The Court: | Do you understand your obligations under the plea agreement? |
| Johnson: | Yes, sir. |
| The Court: | And after you read and reviewed this plea agreement with Ms. Allen, did you, and do you now, understand the terms, language, words and meaning of everything in this plea agreement? |
| Johnson: | Yes, sir. |
| The Court: | Do you understand your obligations under the plea agreement? |
| Johnson: | Yes, sir. |
| The Court: | Do you have any questions about the plea agreement? |
| Johnson: | No, sir. |
| The Court: | Has anyone promised you anything to get you to plead guilty to Counts 3 and 7 that aren't written down in this plea agreement? |
| Johnson: | No, sir. |
| The Court: | Has anyone threatened you, Mr. Johnson, or tried to force you to get you to plead guilty to Counts 3 and 7? |
| Johnson: | No, sir. |

(*Id*. at 15:9–16:10). Judge Daniel then specifically questioned Johnson about the sentencing recommendation and his counsel's representation:

| | |
|---|---|
| The Court: | And did you discuss with Ms. Allen the fact that any sentencing recommendations in this plea agreement are just that, recommendations, and that Judge Flanagan's not bound by those recommendations? |

7

| | | |
|---|---|---|
| Johnson: | Yes, sir. | |
| The Court: | Do you understand that? | |
| Johnson: | Yes, sir. | |
| The Court: | Ms. Allen, have there been any other plea offers other than what's memorialized in this agreement? | |
| Ms. Allen: | No, Your Honor. | |
| The Court: | Mr. Johnson, have you answered all my questions truthfully? | |
| Johnson: | Yes, sir. | |
| The Court: | Mr. Johnson, would you like any more time to think about your plea or to discuss your case or your plea with Ms. Allen, your attorney? | |
| Johnson: | No, sir. | |

(*Id*. at 17:6–18). Judge Daniel further stated to Johnson that, in imposing sentence, Judge Flanagan was not required to follow the advisory sentence guideline ranges established by the United States Sentencing Commission. (DE 84 at 6:25–7:15).

Based on these exchanges which, it bears reiteration, were made by Johnson under oath, it is clear that Johnson's plea was knowing and voluntary and that he knew and understood the terms of his Plea Agreement, including the maximum penalties he faced. The Fourth Circuit determined that Judge Daniel complied with the requirements of Rule 11, properly determined that Johnson's plea was knowing and voluntary and properly informed Johnson of the maximum penalties he faced as well as the advisory nature of the Sentencing Guidelines. (DE 102 at 3).

Moreover, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Hughes v. United States*, Nos. 1:05CV57, 1:02CR-45-8, 2007 U.S. Dist. LEXIS 19416, at *12

(W.D.N.C. 2007) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)); *see also Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006) ("An inaccurate prediction of a sentence alone is not enough to meet the standard [of ineffective assistance]."), *cert. denied*, 549 U.S. 1151 (2007); *United States v. Foster*, 68 F.3d 86, 87–88 (4th Cir. 1995). As the Seventh Circuit has observed:

> [T]he sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

*United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996). Thus, even if his counsel miscalculated his sentence as alleged, as it does not constitute constitutionally deficient performance, Johnson fails to state a claim of ineffective assistance of counsel based on this asserted error.

Furthermore, the Fourth Circuit has held that a defendant who pleads guilty cannot show prejudice arising from misinformation his counsel provides regarding sentencing if the court subsequently corrects or clarifies the erroneous information at the Rule 11 hearing. *Foster*, 68 F.3d at 88. As noted above, Johnson was informed at the Rule 11 hearing of the maximum penalties he faced. (DE 84). In addition, the plea agreement Johnson signed clearly set forth the maximum sentences for the offenses to which he pleaded guilty. (DE 44, Plea Agreement 4–5). Because any miscommunication about sentencing was corrected at the Rule 11 hearing, Johnson cannot show prejudice arising from his counsel's allegedly faulty prediction of his sentence. Cf. *United States v. Gosain*, 991 F.2d 791, published in full-text format at 1993 U.S. App. LEXIS 3368, at *4 (4th Cir. Feb. 19, 1993) (unpublished table decision) ("[T]his Court has held that an

9

attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case.").

Accordingly, the § 2255 motion fails to raise a meritorious claim and, therefore, it is subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motion to vacate (DE 86) be DENIED and that the Government's motion to dismiss (DE 96) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on October 23, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE