IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CR-19-FL-2
NO. 7:13-CV-27-FL

| | | |
|---|---|---|
| TONY JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 86) and the government's motion to dismiss (DE 96). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion to dismiss (DE 109). Petitioner timely filed objections to the M&R, and a supplement to his motion to vacate, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, grants the government's motion for summary judgment, and denies petitioners's motion to vacate.

**BACKGROUND**

On May 16, 2012, petitioner pled guilty to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On October 25, 2012, petitioner was sentenced to a term of 105 months imprisonment. Petitioner appealed the conviction and sentence, and the Fourth Circuit affirmed. United States v. Johnson, 535 F. App'x 245, 247-48 (4th Cir. 2013).

Petitioner filed the instant motion on February 4, 2013, asserting that he received ineffective assistance of counsel. The government moved to dismiss on the basis that the claim is without merit based upon the plea agreement and plea colloquy. Petitioner timely responded. In the M&R, it is recommended that petitioner's motion be denied on the basis that the claim is without merit. Petitioner timely filed objections to the M&R. Petitioner also filed a supplement to his 2255 motion, after the M&R was entered, in which he asserts a claim of ineffective assistance of trial and appellate counsel on the basis of Alleyne v. United States, 133 S.Ct. 2151 (2013), which he also describes in his objections to the M&R.

## DISCUSSION

A.      Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

  1. Original claim asserted in 2255 motion

Petitioner claims he received ineffective assistance of counsel because petitioner's counsel told him he was facing a guideline range of 37-47 months, when the court was free to sentence petitioner to a much higher sentence, and in fact did so by sentencing petitioner to a term of 105 months. Petitioner details and reiterates the basis for his claim in his objections to the M&R.

A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

A plea colloquy "affords the [government] substantial protection against later claims that the plea was the result of inadequate advice." Missouri v. Frye, 132 S. Ct. 1399, 1406 (2012). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotations omitted). "[I]n order to satisfy the 'prejudice' requirement [in the guilty plea context], the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have

3

Case 7:12-cr-00019-FL   Document 137   Filed 06/03/14   Page 3 of 6

been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 371-72 (2010) (citations omitted).

The Fourth Circuit previously addressed a claim of ineffective assistance of counsel based upon counsel's erroneous sentencing range prediction in United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). There, petitioner argued that if he had been correctly told that he could be sentenced as a career offender, he would not have pleaded guilty, but would have proceeded to trial. See id. The court rejected this argument, reasoning that "any misinformation [petitioner] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [petitioner] was not prejudiced." Id. The court noted that "if the trial court properly informed [petitioner] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him." Id.

In Foster, the court reviewed those portions of the Rule 11 colloquy that contributed to properly informing the petitioner of the potential sentence he faced. In particular, the trial court (1) "specifically informed [petitioner] of the maximum penalties he faced"; (2) explained that the sentencing guidelines provide a formula for the sentencing judge to consider petitioner's involvement in the offense and past record; (3) ensured that no one had made and promises or predictions to him as to how the court would sentence him different from what the court then had explained. In light of this colloquy, the court reasoned that "even if [petitioner's] trial counsel provided [petitioner] incorrect information about sentencing, [petitioner] was in no way prejudiced by such information given the trial court's careful explanation of the potential severity of the sentence." Id.

4

The same rationale applies in this case. Here, the court provided the same type of information to petitioner as was provided in Foster. In particular, the court (1) specifically informed petitioner of the maximum punishment he faced (DE 84 at 14-15); (2) explained that the sentencing guidelines are not binding on the court, and that the court is not required to follow advisory guideline range when imposing a sentence (DE 84 at 6-7); (3) explained that sentencing recommendations in the plea agreement are not binding on the court; and also ensured that no one had promised anything to get petitioner to plead guilty apart from the terms of the plea agreement (DE 84 at 17). Thus, as in Foster, in light of this colloquy, "even if [petitioner's] trial counsel provided [petitioner] incorrect information about sentencing, [petitioner] was in no way prejudiced by such information given the trial court's careful explanation of the potential severity of the sentence." Foster, 68 F.3d at 88.

Accordingly, petitioner's ineffective assistance of counsel claim fails for lack of prejudice and on this basis must be denied.

2. Supplemental claim asserted

Petitioner suggests that Alleyne provides a basis for relief in this case, where petitioner's sentence was enhanced due to facts for which he was not charged and to which he did not plead guilty. Alleyne, however, is inapposite. There, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," just as any fact that increases the statutory maximum must be submitted to the jury. Alleyne, 133 S. Ct. at 2155 & 2157 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Here, petitioner was not subjected to a mandatory minimum sentence. Moreover, the actual sentence imposed fell within the maximum term of imprisonment of twenty years that otherwise would be required based on solely the facts to

5

which petitioner pleaded guilty. Accordingly, petitioner's supplemental assertion of a claim on the basis of Alleyne is without merit.

**CONCLUSION**

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. The court thus ADOPTS the recommendations contained in the M&R (DE 109). The court DENIES petitioner's motion (DE 86), and GRANTS the government's motion (DE 96). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The clerk is directed to close this case.

SO ORDERED, this the 3rd day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge